**HILL–BEHAN LUMBER COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 24984.

United States Court of Appeals Fifth Circuit.

May 29, 1968.

As Modified July 22, 1968.

Michael J. Molony, Jr., New Orleans, La., Karl W. Grabemann, Chicago, Ill., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Lawrence J. Hoffman, Atty., NLRB, Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Nancy M. Sherman, Atty., NLRB, for respondent.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

We have carefully considered the record in this case, which resulted in a finding of several Sec. 8(a) (1) violations from which the Board then concluded that a refusal of the employer to bargain with the designated union upon demand, before election, was not in good faith.

We find no substantial evidence in the record as a whole to support any of the charges of threats or illegal interrogation of such a nature that the Board could infer from them the absence of good faith in the company's refusal to bargain upon demand. The Board's finding of a duty to bargain having been founded entirely upon the alleged 8(a) (1) violations occurring before the election, it, therefore, cannot stand. The certification of Local 291, based on the alleged unfair labor practices, discussed above and arising in the Board case No. 13–CA–6492, is set aside. We do not reach or in any manner deal with the petitioner's effort to obtain a review in this case from Board case No. 13–RC–10492.

The inconsequential nature of the one alleged 8(a) (1) violation which was proved without dispute (the other party to the conversation having died before trial) makes it inappropriate to enforce an order of the Board dealing with a situation that cannot by its very nature reoccur.

Enforcement is denied.